T.C. Summary Opinion 2002-59


UNITED STATES TAX COURT


RAFAEL BARAJAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6071-01S.                    Filed May 28, 2002.


Rafael Barajas, pro se.

<u>John W. Strate</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $4,526 in petitioner's 1999 Federal income tax. After concessions by respondent,[1] the sole issue for decision is whether petitioner is entitled to an earned income credit claimed on his tax return.

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in San Jose, California.

## Background

Throughout 1999, petitioner lived in an apartment with his mother and his three younger siblings. His father and his older siblings did not live with them. Petitioner was employed as a machinist, and he was the financial provider for the family. He paid the apartment rent and the household bills. Petitioner's mother suffered from cancer. She relied on crutches for walking and on petitioner for transportation outside of the apartment. Petitioner frequently drove her to clinics for cancer treatment, to the grocery store, and to the homes of relatives.

Petitioner's younger siblings attended school full time. Because their mother does not speak English, they relied on

---

[1]Respondent concedes that petitioner is entitled to a dependency exemption deduction under sec. 151(c) for each of his three younger siblings as claimed on his 1999 Federal income tax return. Respondent also concedes that petitioner is entitled to head of household filing status and a standard deduction in the amount appropriate to that filing status.

petitioner for assistance with their homework when needed. Petitioner and his mother shared responsibility in the discipline of his younger siblings. His mother established the rules in the household, such as setting curfews, and relied on petitioner to enforce the rules.

Petitioner reported income of $14,101 on his 1999 Federal income tax return. His income consisted entirely of wages. Petitioner claimed an earned income credit computed by treating two of his siblings as qualifying children. In the notice of deficiency, respondent disallowed the earned income credit.

<u>Discussion</u>

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. An eligible individual is any individual who either: (1) Has a qualifying child as defined by section 32(c)(3), or (2) has no qualifying child and meets the requirements of section 32(c)(1)(A)(ii). Sec. 32(c)(1)(A).

For a taxpayer to be entitled to an earned income credit for a qualifying child, the qualifying child must satisfy a residency test, an age test, and a relationship test. Sec. 32(c)(3)(A). There is no dispute here that petitioner's siblings were minors and students living in the same residence with him and that the residency and age tests are satisfied. The relationship test can be satisfied if the individual is an "eligible foster child" of

the taxpayer. Sec. 32(c)(3)(B)(i)(III). An eligible foster child is defined in part as an individual who "the taxpayer cares for as the taxpayer's own child". Sec. 32(c)(3)(B)(iii)(II).

Neither the Code nor the regulations define how a taxpayer cares for an individual as his or her own child. This Court has indicated that merely contributing financially to the support of an individual does not rise to the level of caring for the individual as one's own child. See Mares v. Commissioner, T.C. Memo. 2001-216; Smith v. Commissioner, T.C. Memo. 1997-544.

Respondent contends that petitioner did not care for any of his siblings as if that sibling were his own child. We disagree. The record shows that petitioner cared for his younger siblings in a parental capacity. In addition to being the primary source of financial support for the household as well as for each of his younger siblings,[2] petitioner assumed the role of a father figure with respect to his younger siblings. Petitioner and his younger sister testified convincingly that petitioner and his mother jointly shared parental duties during the year in issue, and that petitioner conducted himself and cared for his siblings as though he were one of the parents in the household. He helped his siblings with homework at times, since his mother could not speak English and his father had left the household. He even had to explain personal hygiene to his younger sister because neither

---

[2]See supra note 1.

his mother nor an older sister could bring herself to do this task.  His mother was unable to guide the younger children in the society in which they grew up, since she was disabled, spoke no English, and knew only traditional Mexican society.  Although he was available only to a limited extent because of the demands of his work, petitioner filled the void for his siblings.  We conclude that under difficult circumstances, petitioner satisfied the requirements of sec. 32(c)(3)(B)(iii).

Accordingly, we hold that petitioner is entitled to an earned income credit in the amount claimed on his 1999 Federal income tax return.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for petitioner.